## GEAR VS. BRACKEN.

1. AWARD—PLEADING.—In an action of debt on an arbitration bond founded on an agreement of submission and an award, the declaration must aver, and the award must show, that the arbitrators conformed, in every material respect, to the agreement of submission.
2. SUBMISSION AND AWARD.—Where the parties agreed to submit the matters in dispute between them to the arbitration and award of the committee of awards of the Galena Chamber of Commerce, to arbitrate and award according to the by-laws, rules and regulations of the Chamber of Commerce, the award must show that the arbitrators proceeded according to such by-laws, rules and regulations, or it is void.
3. SAME.—Where matters *in dispute* are submitted to arbitrators, they have no power to award that each party shall execute to the other a full release of *all demands* to the date of the award.
4. SAME.—Arbitrators have no power to award costs against either party; nor that the sum awarded shall be paid within a specified time.

ERROR to the District Court for *Iowa* County.

On the 6th day of September, 1839, *Gear* and *Bracken* entered into a written agreement, under seal, to submit the *matters in difference between them*, to the arbitration and award of the committee of awards of the Galena Chamber of Commerce for that month (naming the committee in the agreement), "according to the rules and

regulations of the aforesaid chamber of commerce, as provided by the rules, by-laws, and regulations thereof;" and they executed each to the other a penal bond in the sum of $300 conditioned for the performance of the award when made. The committee took up the matter for arbitration on the 29th of September, 1839, and made an award in writing under the seals of the arbitrators, by which they awarded that *Bracken* should pay to *Gear* the sum of $188.42, and $13.50 for costs, which should be paid in Galena in fifteen days with interest, and that upon the payment being made, each party should execute to the other, in writing, a release *of all manner of demands whatever* to the date of the award. The award did not show that the committee proceeded according to the by-laws, rules and regulations of the Galena Chamber of Commerce.

*Bracken* refused to abide by and perform the award, and *Gear* brought an action of debt on the arbitration bond. The declaration set out the substance of the bond, the agreement to submit and the award, and averred as a breach its non-payment; but there was no averment that the committee of awards proceeded in the arbitration according to the by-laws, rules and regulations of the Galena Chamber of Commerce. *Bracken* set out the bond, agreement and award, on oyer, and demurred generally to the declaration. The district court sustained the demurrer, and gave judgment for the defendant.

*Moses M. Strong*, for plaintiff in error:

The substance of the bond, the agreement of submission and the award, is set out in the declaration according to their legal effect. This is all that is required. The award is formal and complete, and the presumption is, that the arbitrators conformed to the rules and regulations that were to govern them, until it shall be made to appear to the contrary. If there was any departure of the arbitrators from the authority conferred upon them by the parties, that would vitiate the award,

the defendant should have pleaded it, and made an issue of fact to be tried by a jury.

*F. J. Dunn* and *T. P. Burnett*, for defendant in error.

The arbitrators had no authority except what was given them by the agreement of the parties. To make the award good, every material matter must appear affirmatively on its face, and must be averred in the declaration. The award and declaration are bad in this respect.

The award is also void, because the arbitrators exceeded their authority. They had no power to award costs against *Bracken*. They had no power to award that *Bracken* should pay the money to *Gear* in Galena within fifteen days with interest. They had no power to award that each party should execute to the other a release of *all manner of demands* to the date of the award. Nothing was submitted to the arbitrators but *the matters in dispute*. There may have been demands on one side or the other, not at all in dispute, and which were not laid before the arbitrators, yet they say they shall all be released. Such excess of authority cannot be sustained. Kidd on Awards, 140, 279 ; 1 Bacon's Abr., title, "Arbitrament and Award," letter E. 282.

DUNN, C. J. This is an action of debt upon an arbitration bond, brought by the plaintiff, *Gear*, against the defendant, *Bracken*, in the district court of Iowa county. At the April term, 1842, the defendant filed his general demurrer to plaintiff's declaration, after oyer craved, and setting out the agreement to submit to arbitration, bond and award ; which demurrer was sustained by the court and judgment entered for the defendant. To the decision of the district court sustaining the demurrer, the plaintiff excepts, and prosecutes this writ of error to reverse the decision.

From an inspection of the record, it is apparent that the plaintiff's declaration is justly obnoxious to this objection. A material averment is wanting, that the

arbitration was had and the award made according to the rules and regulations established by the by-laws of the Galena Chamber of Commerce. The award is liable to these objections : It does not show upon its face that the arbitration was conducted and the award made agreeably to said rules and regulations. It exceeds the powers given by the submission, in awarding that upon the payment by *Bracken* to *Gear* of the sum awarded, each should execute to the other a general release, in writing, of *all manner of demands whatever*, to the date of the award, in awarding costs against *Bracken*, and in awarding that payment should be made by *Bracken* to *Gear*, of the sum awarded within fifteen days after the date of the award.

There is no principle of pleading better settled than that a plaintiff is required to set out in his declaration every matter material to show his right of action, with sufficient legal certainty. In this case, the committee of awards of the Galena Chamber of Commerce derived their sole right to arbitrate in the premises from the agreement between *Gear* and *Bracken*, to submit the matters in dispute to their award and decision. They were bound to conform, in every respect, to the agreement, and could not exceed the powers conferred, or award less or stop short of the matters submitted. Then it is material that the declaration should aver that the committee did arbitrate and award on the matters submitted, according to the rules and regulations of the said chamber of commerce, as prescribed in their by-laws, this being a substantive part of the agreement of submission. The objections to the award are well founded. It must show that the said committee of awards arbitrated and awarded agreeably to the rules and regulations of the said chamber, as prescribed in their by-laws. To aver generally that the arbitration and award was "in proper manner and form," is not sufficient. The award exceeds the authority and power conferred by the agreement to submit, in awarding that

the said *Gear* and *Bracken*, upon payment by *Bracken*, to *Gear*, of the sum awarded, should each execute to the other a general release *of all demands* whatever to the date of the award. The matters submitted were the *matters in dispute*. This part of the award is so comprehensive as to embrace all matters of demand, even those not in dispute. It goes beyond the powers conferred in awarding costs against *Bracken*, and requiring payment by him of the sum awarded to *Gear*, in fifteen days from the date of the award. The authorities on these points are full in 1 Chitty's Pleading, and Kidd on Awards, 140, 279.

We are, therefore, of opinion that the judgment of the district court be affirmed, with costs.

NOTE.— See subsequent decisions on points involved in this case. *Dolph v. Clemens*, 4 Wis. 181; *Pettibone v Perkins*, 6 id. 616; *Darling v. Darling*, 16 id. 644; *Dundon v. Starin*, 19 id. 261; *Bancroft v. Grover*, 23 id. 463.